

**FILED**

MAR 2 0 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
                    DEPUTY CLERK

1 PHILLIP A. TALBERT
United States Attorney
2 ROSANNE RUST
ROGER YANG
3 Assistant United States Attorneys
501 I Street, Suite 10-100
4 Sacramento, CA 95814
Telephone: (916) 554-2700
5 Facsimile: (916) 554-2900

6

Attorneys for Plaintiff
7 United States of America

8

IN THE UNITED STATES DISTRICT COURT

9
EASTERN DISTRICT OF CALIFORNIA

10

11

UNITED STATES OF AMERICA,                    CASE NO. 2:23-cr-00064 WBS

12
                        Plaintiff,           PLEA AGREEMENT

13
                    v.                       DATE:   MARCH 20, 2023
14                                           TIME:   9:00
JORDAN PIPER,                                COURT:  Hon. WILLIAM B. SHUBB
15
                        Defendant.
16

17
                    **I.      INTRODUCTION**
18
   **A.      Scope of Agreement.**
19
        The Information in this case charges the defendant with violation(s) of a count of Sexual
20
Exploitation of a Child in violation of 18 U.S.C. § 2251(a).  This document contains the complete plea
21
agreement between the United States Attorney's Office for the Eastern District of California (the
22
"government") and the defendant regarding this case.  No modification of this plea agreement shall be
23
effective unless it is in writing and signed by all parties.  This plea agreement is limited to the United
24
States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or
25
local prosecuting, administrative, or regulatory authorities.
26
   **B.      Court Not a Party.**
27
        The Court is not a party to this plea agreement.  Sentencing is a matter solely within the
28

PLEA AGREEMENT                              1

discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the Information.  The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement.  The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.     DEFENDANT'S OBLIGATIONS

### A.     Guilty Plea.

The defendant will plead guilty to Count One, charging him with Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251(a).  The defendant agrees that he is in fact guilty of this charge and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case.  The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this plea agreement, including the factual admissions set forth in the Factual Basis for Plea attached hereto as Exhibit A, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this plea agreement.  The defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this plea agreement generally.

1.     Remand.

The defendant acknowledges that the crime to which he is pleading guilty is listed in 18 U.S.C. § 3143(a)(2), and he agrees that he will remain in custody upon the entry of his plea.

### B.     Restitution.

PLEA AGREEMENT                                2

1    The defendant agrees the conduct to which he is pleading guilty requires him to pay mandatory

2    restitution to the victim(s) under 18 U.S.C. § 2259. The defendant agrees to pay restitution to the

3    victims in the amount between $3,000 up to the amount supported by any request for restitution.

4    Defendant agrees that all criminal monetary penalties imposed by the court, including restitution,

5    will be due in full immediately at time of sentencing and subject to immediate enforcement by the

6    government. Defendant agrees that any payment schedule or plan set by the court is merely a minimum

7    and does not foreclose the United States from collecting all criminal monetary penalties at any time

8    through all available means.

9    Defendant further agrees that he will not seek to discharge any restitution obligation or any part

10   of such obligation in any bankruptcy proceeding.

11   Defendant shall not sell, encumber, transfer, convey, or otherwise dispose of any of his assets

12   without prior written consent of the United States Attorney, except that the defendant may sell, transfer

13   or convey personal property (including used vehicles and personal items, but not financial instruments,

14   ownership interests in business entities or real property) with an aggregate value of less than $5,000.

15   Payment of restitution shall be by cashier's or certified check made payable to the Clerk of the

16   Court.

## C.    Fine.

17

18   The defendant reserves the right to argue to Probation and at sentencing that he is unable to pay a

19   fine, and that no fine should be imposed. The defendant understands that it is his burden to affirmatively

20   prove that he is unable to pay a fine, and agrees to provide a financial statement under penalty of perjury

21   to the Probation Officer and the government in advance of the issuance of the draft Presentence

22   Investigation Report, along with supporting documentation. The government retains the right to oppose

23   the waiver of a fine. If the Court imposes a fine, the defendant agrees to pay such fine if and as ordered

24   by the Court, up to the statutory maximum fine for the defendant's offenses.

## D.    Special Assessments.

25

26   The defendant agrees to pay a special assessment as ordered by the Court at the time of

27   sentencing by delivering a check or money order payable to the United States District Court to the

28   United States Probation Office immediately before the sentencing hearing. The defendant agrees that

PLEA AGREEMENT                                3

1  this special assessment will include:

2      1.  A mandatory special assessment of $100 under 18 U.S.C. § 3013; and

3      2.  A mandatory special assessment of $5,000 under 18 U.S.C. § 3014 if the Court

4          determines that the defendant is a non-indigent person for purposes of 18 U.S.C.

5          § 3014; and

6      3.  A discretionary special assessment of up to $50,000 under 18 U.S.C. § 2259A(a)(3).

7      The defendant understands that this plea agreement is voidable at the option of the government if

8  he fails to pay the $100 assessment prior to that hearing.  If the defendant is unable to pay the $100

9  special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if

10 necessary by participating in the Inmate Financial Responsibility Program.

11     If the Court imposes the other two special assessments listed in this Section, the defendant must

12 pay those assessments immediately after they imposed at the sentencing.  If the defendant unable to pay

13 the additional special assessments immediately after they imposed at the sentencing, he agrees to earn

14 the money to pay the assessments, if necessary by participating in the Inmate Financial Responsibility

15 Program.

**E.    Violation of Plea Agreement by Defendant/Withdrawal of Plea(s).**

16

17     If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw

18 his plea, this plea agreement is voidable at the option of the government.  If the government elects to

19 void this plea agreement based on the defendant's violation, the government will no longer be bound by

20 its representations to the defendant concerning the limits on criminal prosecution and sentencing as set

21 forth herein.  A defendant violates the plea agreement by committing any crime or providing or

22 procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in

23 any litigation or sentencing process in this case, or engaging in any post-plea conduct constituting

24 obstruction of justice.  Varying from stipulated Guidelines application or agreements regarding

25 arguments as to 18 United States Code section 3553, as set forth in this agreement, personally or through

26 counsel, also constitutes a violation of the plea agreement.  If the defendant violates this plea agreement

27 in any way, the government also shall have the right (1) to prosecute the defendant on any of the counts

28 to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea

PLEA AGREEMENT                                    4

agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.

In addition, (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Fed. R. Crim. P. 11(f), Fed. R. Evid. 410, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

### F.      Forfeiture.

The defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title, and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. § 2253(a). Those assets include, but are not limited to, the following:

       a.      GoPro Digital Camera, Model SPTM1, Serial Number C33113;

       b.      SanDisk Ultra Plus 128 gigabyte Micro SD Card (found in GoPro Camera); and

       c.      Samsung cell phone, Model SM-G970U, IMEI: 354774101191544.

PLEA AGREEMENT

5

The defendant agrees that the listed assets constitute property that was used or intended to be used to commit and to promote the commission of a violation of 18 U.S.C. § 2251(a).

The defendant agrees to fully assist the government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States. The defendant shall not sell, transfer, convey, or otherwise dispose of any of his assets, including but not limited to, the above-listed assets.

The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets, and all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States, the State of California or its subdivisions. The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defenses or defects that may pertain to the forfeiture.

## G. **Asset Disclosure.**

The defendant agrees to make a full and complete disclosure of his assets and financial condition, and will complete the United States Attorney's Office's "Authorization to Release Information" and "Financial Disclosure Statement" within three (3) weeks from the entry of the defendant's change of plea, including supporting documentation. The defendant agrees to provide an updated version of the Financial Affidavit within three (3) weeks after receiving a written request from the U.S. Attorney's Office. The defendant also agrees to have the Court enter an order to that effect. The defendant understands that if he fails to complete truthfully and provide the described documentation to the United States Attorney's Office within the allotted time, he will be considered in violation of the agreement, and the government shall be entitled to the remedies set forth in section II.E above.

PLEA AGREEMENT

6

Defendant expressly authorizes the United States to immediately obtain a credit report to evaluate defendant's ability to satisfy any monetary penalty imposed by the court. Defendant also authorizes the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

## III.    THE GOVERNMENT'S OBLIGATIONS

### A.    Dismissals/Other Charges.

The government agrees not to bring any other charges arising from the conduct outlined in the Factual Basis attached hereto as Exhibit A. The government also agrees not to reinstate any dismissed count except if this plea agreement is voided as set forth in this plea agreement generally, or as specifically provided in paragraphs II.E (Violation of Plea Agreement by Defendant/Withdrawal of Plea(s)), VI.B (Estimated Guideline Calculation), and VII.B (Waiver of Appeal and Collateral Attack) herein.

### B.    Recommendations.

#### 1.    Incarceration Range.

The government will recommend that the defendant be sentenced to the low end of the applicable guideline range including the application of the mandatory statutory minimum term as determined by the Court.

#### 2.    Acceptance of Responsibility.

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

### C.    Use of Information for Sentencing.

The government is free to provide full and accurate information relevant to the charged offenses and relevant conduct to the Court and Probation, including Victim Impact Statements, and answering

PLEA AGREEMENT

7

any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this plea agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

## IV.   ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense(s) to which the defendant is pleading guilty, Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251(a):

(1) At the time, the Minor Victim was under the age of eighteen years;

(2) The defendant employed or used Minor Victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

(3) The defendant knew or had reason to know that the visual depiction would be transmitted using a means or facility of interstate or foreign commerce; or the visual depiction was actually transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce; or such visual depiction was produced using materials that had been mailed, shipped, or transported in and affecting interstate or foreign commerce by any means, including by computer.

The defendant fully understands the nature and elements of the crimes charged in the Information to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V.   MAXIMUM SENTENCE

### A.   Maximum Penalty.

The maximum sentence that the Court can impose is 30 years of incarceration, a fine of $250,000, a lifetime period of supervised release and a special assessment of $50,000. A mandatory minimum sentence of 15 years in prison applies. A supervised release term of at least 5 years and up to life will be imposed. By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific count(s) to which he is pleading guilty. The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

PLEA AGREEMENT

8

**B.    Violations of Supervised Release.**

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and impose a term of imprisonment of up to five years.  In certain circumstances, when a person is required to register as a sex offender and then commits certain other federal sex offenses, the court may revoke the supervised release and impose a prison sentence of at least 5 years.  The Supreme Court has held that such a revocation requires a finding by a jury, however, not by a judge.

## VI.    SENTENCING DETERMINATION

**A.    Statutory Authority.**

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence.  The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence.  The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines.  The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

**B.    Estimated Guideline Calculation.**

The government and the defendant agree that the following is their present best estimate of the sentencing guidelines variables.  These estimates shall not be binding on the Court, the Probation Office, or the parties:

| | | |
|---|---|---|
| 1. | Base Offense Level: | 32 |
| 2. | Custodial control (§2G2.1(b)(5)): | +2 |
| 3. | Adjusted Offense Level: | 34 |
| 4. | Acceptance of Responsibility:  See paragraph III.B.2 above | -3 |
| 5. | Criminal History:  The parties anticipate, but have no agreement, that the defendant's criminal history score will be I.  31/I = 108-135 = 180-month mandatory | |

PLEA AGREEMENT

9

minimum

The parties agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references, except that the government may move for a departure or an adjustment based on post-plea obstruction of justice (§3C1.1).

The defendant also agrees that the application of the United States Sentencing Guidelines to his case results in a reasonable sentence and that the defendant will not request that the Court apply the sentencing factors under 18 U.S.C. § 3553 to arrive at a different sentence than that called for under the Sentencing Guidelines' advisory guideline range as determined by the Court.  The defendant acknowledges that if the defendant requests or suggests in any manner a different sentence than what is called for under the advisory guideline range as determined by the Court, that will be considered a violation of the plea agreement.  The government's remedies and remaining obligations in this agreement shall be as outlined in paragraph II.E, above.

## VII.   WAIVERS

### A.   Waiver of Constitutional Rights.

The defendant understands that by pleading guilty he is waiving the following constitutional rights:  (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be compelled to incriminate himself.

### B.   Waiver of Appeal and Collateral Attack.

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence.  The defendant agrees as part of his plea, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximum sentence.  The defendant understands that this waiver includes, but is not

PLEA AGREEMENT

10

limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty. The defendant specifically gives up the right to appeal any order of restitution or special assessment the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this plea agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever attempts to vacate his plea, dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in Section II.E herein.

**C.      Waiver of Attorneys' Fees and Costs.**

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

**D.      Impact of Plea on Defendant's Immigration Status.**

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States or is a naturalized citizen. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding,

PLEA AGREEMENT                                        11

however, and defendant understands that no one, including his attorney or the district court, can predict

to a certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that

he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the

consequence is his automatic removal from the United States.

**E.      Sex Offender Registration.**

Defendant understands that by pleading guilty, defendant will be required to register as a sex

offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C.

§ 3583(d).  Defendant also understands that independent of supervised release, he will be subject to

federal and state sex offender registration requirements, and that those requirements may apply

throughout his life.  The defendant understands that he shall keep his registration current, shall notify the

state sex offender registration agency or agencies of any changes to defendant's name, place of

residence, employment, or student status, or other relevant information.  Defendant shall comply with

requirements to periodically verify in person his sex offender registration information.  Defendant

understands that he will be subject to possible federal and state penalties for failure to comply with any

such sex offender registration requirements.  If he resides in California following release from prison, he

will be subject to the registration requirements of California Penal Code Section 290.  Defendant further

understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies

upon his release from confinement following conviction.  As a condition of supervised release,

defendant shall initially register with the state sex offender registration in California, and shall also

register with the state sex offender registration agency in any state where defendant resides, is

employed, works, or is a student, as directed by the Probation Officer.  The defendant shall comply with

all requirements of federal and state sex offender registration laws, including the requirement to update

his registration information.  Defendant shall provide proof of registration to the Probation Officer

within 72 hours of release from imprisonment.

**VIII.    ENTIRE PLEA AGREEMENT**

Other than this plea agreement, no agreement, understanding, promise, or condition between the

government and the defendant exists, nor will such agreement, understanding, promise, or condition

exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and

PLEA AGREEMENT                                               12

exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX.   APPROVALS AND SIGNATURES

### A.   Defense Counsel.

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated:

_____
TASHA P. CHALFANT
Attorney for Defendant

### B.   Defendant:

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated:

_____
JORDAN PIPER
Defendant

### C.   Attorney for United States:

I accept and agree to this plea agreement on behalf of the government.

Dated: 3·13·23

PHILLIP A. TALBERT
United States Attorney

_____
ROGER YANG
Assistant United States Attorney

PLEA AGREEMENT

13

EXHIBIT "A"
Factual Basis for Plea(s)

On January 11, 2020, the Placerville Police Department began investigating the death of Jordan Piper's son. During the investigation, law enforcement seized a digital camera and other devices. While searching the phones, investigators found evidence that the defendant, Jordan Piper, made surreptitious recordings of Minor Victim while she was under the age of 18.

The Federal Bureau of Investigation obtained a warrant to search Jordan Piper's devices, and discovered a video on a SD card that appeared to be created on October 19, 2019 that shows the defendant removing a camera from behind a wall outlet in the bathroom of a rental home in Groveland, California. In addition, there were approximately 30 videos that depicted Minor Victim using the bathroom, where her genitals were visible that appeared to have been recorded by a hidden camera. While the defendant and Minor Victim were living in Groveland, California, there were times when defendant was the only adult in the home.

On Jordan Piper's Samsung cell phone, investigators found screen captures from the surreptitiously recorded videos of Minor Victim in various states of undress, and usually nude. Approximately 433 nude images of Minor Victim were found on Jordan Piper's cell phone in the screenshots section of the phone, as well as cache folders and screenshot folders in a secure folder on the phone. Many of those images created by Jordan Piper were focused shots of Minor Victim's genitals or pubic area. In addition, the video camera was placed in a manner to maximize the chances of recording the genitals of Minor Victim and other users of the bathroom. The file names of the screenshots are consistent with the screenshots being generated on January 9, 2020, and October 4, 2019. The October 4, 2019 screenshots matched a video file dated October 3, 2019 depicting Minor Victim using the bathroom and taking a bath. Other videos, dated October 5, 2019 and October 4, 2019, that depicted Minor Victim using the bathroom and bathing other children, were also located on the phone.

Between December 16, 2019 and December 24, 2019, the defendant sent a series of text messages concerning a sexual "Christmas gift," and asked for the opinion of Minor Victim. Eventually these texts escalated into sending pictures of it to Minor Victim, then requesting that Minor Victim use the "Christmas gift" on herself, and then offering $250 to use it on herself.

The defendant acknowledges that the definition of "sexually explicit conduct" includes "lascivious exhibition of the anus, genitals, or pubic area of any person," and that the screenshots and videos that capture Minor Victim's genitals or pubic area constitute depictions of sexually explicit conduct within the definition of 18 U.S.C. §§ 2256(2)(A)(v) and 2256(8). The defendant acknowledges that the government could prove that his Samsung cell phone was manufactured outside the United States.

Under penalty of perjury, I affirm that I have reviewed the "Factual Basis" information above with my attorney, and agree that it is accurate.

Dated
:  3-6-23                                          _____
                                                   JORDAN PIPER, Defendant

PLEA AGREEMENT                          A-14